UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIS PHARMACEUTICALS, INC., a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SANTARIS PHARMA A/S CORP., a Delaware Corporation, and SANTARIS PHARMA A/S, a Danish Corporation,<br><br>　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:11-cv-2214-GPC-KSC<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO FILE UNDER SEAL**<br><br>**(ECF NO. 196)** |

　　　Pursuant to this Court's November 1, 2013 briefing schedule, Defendants filed their renewed motion for summary judgment as to their safe harbor defense on December 6, 2013. (ECF No. 195.) Along with their renewed motion for summary judgment, Defendants filed a motion to file certain documents under seal. (ECF No. 196.) In their motion to file under seal, Defendants assert these documents should be filed under seal because they were designated as "CONFIDENTIAL-FOR OUTSIDE COUNSEL ONLY" pursuant to the amended protective order entered June 3, 2013.

　　　Notwithstanding the amended protective order's provision that a motion to file

under seal must satisfy "the requirements imposed by applicable law," (ECF No. 144 at 8-9), Defendants do not set forth any legal standard or argument that would justify sealing the documents set forth in their motion to file under seal. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (explaining that a party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion). Because the documents Defendants want sealed are in support of a dispositive motion, the fact that the documents were marked "CONFIDENTIAL-FOR OUTSIDE COUNSEL ONLY" does not, by itself, satisfy the "compelling reasons" standard as to the specific pieces of information that Defendants want sealed. See id. at 1183-84.

For the foregoing reasons, Defendants' motion to file under seal, (ECF No. 196), is **DENIED WITHOUT PREJUDICE**. Defendants shall have until **December 16, 2013**, to file a motion to seal that sets forth the compelling reasons for sealing the specific pieces of information that Defendants want sealed. The documents currently lodged under seal at ECF Nos. 197, 198, 199, 200, 201, 202, 203, 204, 205 may remain so lodged until the Court decides Defendants' forthcoming motion to seal.

**IT IS SO ORDERED.**

DATED: December 9, 2013

HON. GONZALO P. CURIEL
United States District Judge