UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIS PHARMACEUTICALS, INC., a Delaware Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>SANTARIS PHARMA A/S CORP., a Delaware Corporation, and SANTARIS PHARMA A/S, a Danish Corporation,<br><br>          Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:11-cv-2214-GPC-KSC<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO FILE UNDER SEAL**<br><br>**(ECF NO. 228)** |

Pursuant to the Court's November 1, 2013 briefing schedule, (ECF No. 194), Defendants filed their renewed motion for summary judgment as to their safe harbor defense on December 6, 2013, (ECF No. 195), and Plaintiff filed its untimely response thereto on January 11, 2014, (ECF No. 223). Along with its response, Plaintiff filed a motion to seal various documents in support of its response. (ECF No. 228.)

The Court has entered an amended protective order governing discovery in this case. (ECF No. 144.) Notwithstanding the amended protective order's provision that a motion to seal must satisfy "the requirements imposed by applicable law"—and

despite this Court's previous denial of a cursory motion to seal—Plaintiff has not set forth any legal standard or argument that would justify sealing the documents described in its motion to seal. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (explaining that a party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion). Because the documents Plaintiff wants sealed pertain to a dispositive motion, the fact that the documents were marked "CONFIDENTIAL-FOR OUTSIDE COUNSEL ONLY" does not, by itself, satisfy the "compelling reasons" standard as to the specific pieces of information that Plaintiff wants sealed. See id. at 1183-84. It is clear that Plaintiff does not want sealed the entirety of every document listed in its motion to seal because Plaintiff has publicly filed redacted versions of several of these documents. Moreover, the Court has not received a proposed order on Plaintiff's motion to seal as required by section 2(j)(1)(c) of the Court's ECF Administrative Policies and Procedures Manual.

For the foregoing reasons, Plaintiff's motion to seal, (ECF No. 228), is **DENIED WITHOUT PREJUDICE**. Plaintiff shall have up to and including **January 20, 2014**, to file a renewed motion to seal that sets forth the compelling reasons for sealing the specific pieces of information that Plaintiff wants sealed. Pursuant to Section 2(j) of this District's ECF Administrative Policies and Procedures Manual, the documents currently lodged at ECF Nos. 229, 230, 231, 232, and 233 "will remain lodged under seal without further consideration" unless and until Plaintiff files a renewed motion to seal that sets forth the "compelling reasons" for sealing the specific pieces of information that Plaintiff wants sealed.

**IT IS SO ORDERED.**

DATED: January 14, 2014

HON. GONZALO P. CURIEL
United States District Judge