# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIS PHARMACEUTICALS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SANTARIS PHARMA A/S CORP., a Delaware corporation, and SANTARIS PHARMA A/S, a Danish Corporation,<br><br>Defendants. | CASE NO. 3:11-cv-2214-GPC-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION;**<br><br>**(2) GRANTING LEAVE TO AMEND;**<br><br>**(3) VACATING HEARING DATE**<br><br>**[ECF No. 274]** |
| AND RELATED COUNTERCLAIMS | |

## I. INTRODUCTION

Before the Court is Plaintiff Isis Pharmaceuticals, Inc.'s ("Plaintiff") Motion for Reconsideration. (ECF No. 274.) Defendants Santaris Pharma A/S and Santaris Pharma A/S Corp. (collectively, "Santaris") filed a statement of non-opposition. (ECF No. 279.)

The parties have fully briefed the motion. (ECF Nos. 274, 279.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law,

the Court **GRANTS** Plaintiff's Motion for Reconsideration.

## II. PROCEDURAL HISTORY

On September 22, 2011, Plaintiff filed a complaint against Santaris for patent infringement. (ECF No. 1.) On March 25, 2013, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 130.) On March 13, 2014, Santaris filed a motion to dismiss. (ECF No. 252.) On June 4, 2014, the Court granted Santaris's motion to dismiss (the "June 4 Order"). (ECF No. 271.)

On July 3, 2014, Plaintiff filed this motion for reconsideration of the June 4 Order. (ECF No. 274.) On September 12, 2014, Santaris filed a statement of non-opposition. (ECF No. 279.)

Plaintiff moves for reconsideration arguing that the June 4 Order does not specify whether Plaintiff's causes of action were dismissed with or without prejudice and that Plaintiff can cure the FAC's deficiencies as they relate to the Court's dismissal based on the Enzon Agreement. (ECF No. 274, at 1–2.) Santaris does not oppose Plaintiff's motion insofar as it only argues for leave to amend the FAC's deficiencies as they relate to the Enzon Agreement. (ECF No. 279, at 2.)

## III. LEGAL STANDARD

District courts have the discretion to reconsider interlocutory rulings until a final judgment is entered. FED. R. CIV. P. 54(b); United States v. Martin, 226 F.3d 1042, 1048–49 (9th Cir. 2000). While the Federal Rules of Civil Procedure do not set forth a standard for reconsidering interlocutory rulings, the "law of the case" doctrine and public policy dictate that the efficient operation of the judicial system requires the avoidance of re-arguing questions that have already been decided. See Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989).

As such, most courts adhere to a fairly narrow standard by which to reconsider their interlocutory rulings. This standard requires that the party show: (1) an intervening change in the law; (2) additional evidence that was not previously available; or (3) that the prior decision was based on clear error or would work

manifest injustice. Id.; Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). "'A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome.'" Fed. Trade Comm'n v. Neovi, Inc., No. 06-cv-1952-JLS-JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) (quoting Devinsky v. Kingsford, No. 05-cv-2064-PAC, 2008 WL 2704338, at *2 (S.D.N.Y. July 10, 2008)).

In addition to these substantive standards, Civil Local Rule 7.1.i.1 requires a party moving for reconsideration to submit an affidavit or certified statement of an attorney:

> setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

CivLR 7.1.i.1. Civil Local Rule 7.1.i.2 provides that "any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." CivLR 7.1.i.2.

## V. DISCUSSION

Generally, "a dismissal for failure to state a claim under Rule 12(b)(6) is presumed . . . to be rendered with prejudice." McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009). However, "[d]ismissal with prejudice is warranted only when the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Univera, Inc. v. Terhune, No. C09-5227-RBL, 2010 WL 3489932, at *3 (W.D. Wash. Aug. 31, 2010) (citation omitted).

The June 4 Order does not specify whether the dismissal was with or without prejudice and did not grant Plaintiff leave to amend. Thus it is considered to be rendered with prejudice. As Plaintiff argues that dismissal with prejudice was "clear error," the Court now considers whether Plaintiff can cure the deficiencies noted in the June 4 Order.

The June 4 Order dismissed two of the bases for Counts 1, 2, and 3 of Plaintiff's FAC: (1) Santaris's alleged sales and offers for sales, and (2) the Enzon Agreement. (ECF No. 271, at 7, 9.) Plaintiff argues that it can cure the deficiencies in its complaint as they relate to the Enzon Agreement in Counts 2 and 3. (ECF No. 274, at 2.) The June 4 Order notes that Plaintiff's FAC "has failed to plead sufficient facts demonstrating that Santaris's entering into the Enzon agreement constituted the sale or offer for sale of the compounds claimed in the '500 and '739 patents" because "the compounds claimed in the '500 and '739 patents were not identified in the collaboration agreements at the time of execution." (ECF No. 271, at 8–9.) In response, Plaintiff argues that its discovery responses show that it can plead facts sufficient to cure the deficiencies related to the Enzon Agreement. (See ECF No. 260, at 25 (citing ECF No. 265, Ex. 14, at 18–20).)

Finding that Plaintiff can plead facts sufficient to cure the deficiencies in Counts 2 and 3 of the FAC, the Court GRANTS Plaintiff's Motion for Reconsideration. Plaintiff is granted leave to amend Counts 2 and 3 of the FAC to cure the deficiencies related to the Enzon Agreement noted in the June 4 Order.

## VI. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Reconsideration, (ECF No. 274), is **GRANTED**;
2. If Plaintiff wishes to file an amended complaint to cure the deficiencies noted herein, (ECF No. 271), it shall do so on or before **October 17, 2014**; and

/ /

3. The hearing date set for September 26, 2014, is **VACATED**.

DATED: September 25, 2014

HON. GONZALO P. CURIEL
United States District Judge